(No. 2251— )

LILLIAN SCHROEDER SHEEHAN, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed December 11, 1934.*

CASSELS, POTTER & BENTLEY and E. DOUGLAS SCHWANTES, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The declaration herein, filed October 8, 1933 alleges that claimant is the widow of James Frederick Sheehan, to whom she was married on June 16, 1932; that on October 31, 1932 while deceased was driving his automobile in a westerly direction on S. B. I. Route No. 173, he was struck by another car driven by one Lewis, a resident of the State of Wisconsin; that at the time of the accident, deceased was employed by the State of Illinois and at the time of the injury was proceeding to an unfinished section of S. B. I. Route No. 173 for the purpose of checking in gravel, pursuant to orders that he had received from the State Engineer in charge of local work.

The earnings of deceased during the year preceding his death are shown to have been Fourteen Hundred Sixty Dollars, ($1,460.00); that due notice of the accident was given to respondent through the resident engineer within a day after its occurrence and that the claim was presented to the Division of Highways on April 21, 1933.

Claimant filed a claim against the immediate contractors in charge of the section of work in question, i. e. Darrow and Barron, with the Industrial Commission of Illinois; a hearing was had before an arbitrator of said Commission, and a de-

cision was there rendered that deceased was not injured while employed by Darrow & Barron.

The only question involved in the claim is whether the deceased husband of claimant was an employee of the State of Illinois, or of Darrow & Barron at the time of his injury.

The resident engineer testified that Route No. 173 is a concrete State Highway and was in process of construction in 1932 at the time of the accident; that Sheehan was an engineering assistant, an instrument man who helped hold the rod, and measure and drive stakes; that he operated indirectly under the resident engineer and was responsible to him; that he directed Sheehan where to go; that Darrow & Barron were contractors, who were constructing the east and west sections of the road in question and that Ray Mann was constructing the middle section. The resident engineer kept an account of Sheehan's time and turned same over to Darrow & Barron; that this time sheet would include the time spent by Sheehan on both the Ray Mann section and the Darrow & Barron section. For some reason Sheehan received checks from Darrow & Barron and the latter was then reimbursed by the State.

If Sheehan was an employee of the State, his widow would be entitled, under the Workmen's Compensation Act and the foregoing facts, to four times the average annual earnings not to exceed $4,000.00. The circumstance of Sheehan receiving his pay-check through Darrow & Barron is confusing as to his employment, but this is explained by the Highway Department. He received all his orders and was exclusively under the control of the resident engineer, who was in the direct employ of the State of Illinois. He received no orders and did no work directly for Darrow & Barron, nor for anyone, other than the State. At the time of the accident he was on his way, pursuant to orders of the resident engineer.

The Supreme Court of the State of Illinois has held that the mere fact that an employee appears on a Company's pay-roll does not make such person an employee of that Company.

*Thompson* vs. *Industrial Commission*, 351 Ill. 356.

Under the facts in evidence and the law as cited by the claimant, we find that James Frederick Sheehan was an em-

ployee of the State of Illinois, and that the accident in question arose out of and in the course of his employment. The proof indicates that his wages were Thirty Dollars ($30.00) per week, the total sum allowable therefore would be the maximum amount of Four Thousand Dollars ($4,000.00), payable in weekly installments of $15.00, commencing on the 31st day of October, 1932.

Payment by respondent in weekly installments is not practicable under existing laws. We anticipate that the award will be paid in a lump sum about August 1, 1935, by appropriation of the next legislature, at which time 143 weeks compensation will have been earned. The award will therefore be commuted to an equivalent lump sum in accordance with Section 9 of the Workmen's Compensation Act.

As we compute it, the amount due claimant, Lillian Schroeder Sheehan, after commuting to an equivalent lump sum as aforesaid, is $3,936.47.

IT IS THEREFORE HEREBY ORDERED that an award be and the same is hereby entered in favor of claimant for the sum of Three Thousand Nine Hundred Thirty-six Dollars and Forty-seven Cents, ($3,936.47).